## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLORADO

Civil Action No. 20-CV- _____

PATRICIA CUERVO,
    Plaintiff,


    v.


DEVAN M. SALAZAR, Deputy, Eagle County Sheriff's Office,
TODD SORENSON, Captain, Mesa County Sheriff's Office,
TRAVIS CHRISTENSEN, Sergeant, Mesa County Sheriff's Office,
MARCO MONTEZ, Sergeant, Mesa County Sheriff's Office,
TIM ORR, Sergeant, Mesa County Sheriff's Office,
JENNA REED, Investigator, Mesa County Sheriff's Office,
ERIC OLSON, Investigator, Mesa County Sheriff's Office,
CURTIS CALLOW, Deputy, Mesa County Sheriff's Office,
DONALD LOVE, Deputy, Mesa County Sheriff's Office,
SETH PARKER, Deputy, Mesa County Sheriff's Office,
THOMAS STUCKENSCHNEIDER, Deputy, Mesa County Sheriff's Office,
JOSH SANCHEZ, Deputy, Mesa County Sheriff's Office,
RYAN REASONER, Deputy, Mesa County Sheriff's Office,
GARTH COWLEY, Deputy, Mesa County Sheriff's Office,
SALMINEO ESPINDOLA, Deputy, Mesa County Sheriff's Office,
DEVRIN SANDELL, Deputy, Mesa County Sheriff's Office,
MIKE MILLER, Investigator, Mesa County Sheriff's Office,
JAMIE PENNAY, Sergeant, Mesa County Sheriff's Office,
DAVID ARCADY, Commander, Grand Junction Police Department,
CHRIS KOPP, Officer, Grand Junction Police Department,
THOMAS RAYSIDE, Officer, Grand Junction Police Department,
MICHAEL STRUWE, Officer, Grand Junction Police Department,
DAVID GODWIN, Officer, Grand Junction Police Department,
PATRIC BRIDGE, Officer, Grand Junction Police Department,
JACOB EDMISTON, Officer, Grand Junction Police Department,
CHRISTOPHER WILSON, Officer, Grand Junction Police Department,
    Defendants.

## COMPLAINT

### THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, PATRICIA CUERVO, is a natural person and a resident of Clark County Nevada, with a post office address of 10605 Redwood Grove AVE, Las Vegas NV 89144. On March 11, 2018, Plaintiff was the record owner of the property located at 1867 S. Deer Park Circle, in unincorporated Mesa County Colorado.

2.      Defendant DEVAN M. SALAZAR, is a Deputy, Eagle County Sheriff's Office, with a principal address of 0885 E Chambers Avenue, P.O. Box 359, Eagle, Colorado 81631 . Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually.

3.      Defendant TODD SORENSON is a Captain, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The claims herein are brought against the Defendant individually and in his official capacity.

2

4.      Defendant TRAVIS CHRISTENSEN is a Sergeant with the Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

5.      Defendant MARCO MONTEZ is a Sergeant, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

6.      Defendant, TIM ORR is a Sergeant, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

7.      Defendant JENNA REED is an Investigator, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in her official capacity.

8.      Defendant ERIC OLSON is an Investigator, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

9.      Defendant CURTIS CALLOW, is a Deputy, Mesa County Sheriff's Office, with  a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said  Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

10.     Defendant, DONALD LOVE, is a Deputy, Mesa County Sheriff's Officer, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

11.     Defendant, SETH PARKER, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

12.     Defendant, THOMAS STUCKENSCHNEIDER, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501- 5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

13.     Defendant, JOSH SANCHEZ, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

14.     Defendant, RYAN REASONER, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The claims brought herein are brought against said Defendant individually and in his official capacity.

15.     Defendant, GARTH COWLEY, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

16.     Defendant SALMINEO ESPINDOLA, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818.  Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

17.     Defendant DEVRIN SANDELL, is a Deputy, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein, acted under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

18.     Defendant, MIKE MILLER, is an Investigator, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

19.     Defendant, JAMIE PENNAY, is a Sergeant, Mesa County Sheriff's Office, with a principal address of 215 Rice Street, Grand Jct., CO 81501-5818. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his

20.     Defendant, DAVID ARCADY, is a Commander, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

21.     Defendant, CHRIS KOPP, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado. The Claims herein are brought against said Defendant individually and in his official capacity.

22.     Defendant, THOMAS RAYSIDE, is an Officer, Grand Junction Police Department,

with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the Claims herein are brought against said Defendant individually and in his official capacity.

23.     Defendant, MICHAEL STRUWE, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The Claims herein are brought against said Defendant individually and in his official capacity.

24.     Defendant, DAVID GODWIN, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The Claims herein are brought against said Defendant individually and in his official capacity.

25.     Defendant PATRIC BRIDGE, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The Claims herein are brought against said Defendant individually and in his official capacity.

26.     Defendant, JACOB EDMISTON, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The Claims herein are brought against said Defendant individually and in his official capacity.

27.     Defendant, CHRISTOPHER WILSON, is an Officer, Grand Junction Police Department, with a principal address of 555 Ute Ave, Grand Junction, CO 81501. Said Defendant, at all times complained of herein acted, under color of state law, even when such Defendant's actions were in violation of the Constitution and Laws of the United States and/or the Constitution and Laws of the State of Colorado.  The Claims herein are brought against said Defendant individually and in his official capacity.

28.     Jurisdiction is conferred upon this court by 28 U.S.C. § 1331. Venue of this action is proper under 28 U.S.C. § 1391(b).

## GENERAL FACTUAL ALLEGATIONS

29.     In the evening hours of  March 11, 2018, Defendants ORR and SANCHEZ, on a follow up for the Eagle County Sheriff's Office on a report of a stolen 1982 Tucker Model 534-A Snow Cat, rang the doorbell at 1867 S Deer Park Circle, Grand Junction, Mesa County, Colorado, but did not announce any authority to enter the residence. At approximately 7:15 p.m. the Deputies concluded that there was no answer at the door.

30.     A Tucker Sno-Cat Model 534-A is a tracked vehicle with an overall length of 16' 3", Overall width of 8', overall height of 7'5", and weighs between 5,050 and 5,350 pounds. As such, the only opening in the exterior of 1867 S Deer Park Circle capable of permitting the entry of the described subject of the search warrant is the exterior double garage door connecting to the driveway.

31.      It was decided to have Defendant DEVAN M. SALAZAR obtain a search warrant to search for the Sno-Cat at the residence. No exigent circumstances supported the use of chemical weapons to breach the premises at 1867 S Deer Park Circle, Grand Junction, Mesa County, Colorado, to enter the residence, or to justify entry into spaces other than the garage to search for the Tucker Sno-Cat.

32.      It was decided by Defendant ORR and on information and belief, others that the Search Warrant would be executed with the assistance of the Mesa County Sheriff's Office and Grand Junction Police Department SWAT team.

33.      On March 11, 2018, at 9:32 p.m., Defendant DEVAN M. SALAZAR obtained a search warrant authorizing the search of 1867 S Deer Park Circle, Grand Junction, Mesa County, Colorado, for: 1982 Tucker Model 534-A Snow Cat with OHV Sticker 4081V / VIN #3823562. The snow cat is orange in color with the numbers 01 in black with white trim on each door. On the right rear side of the Sno Cat is a tool box. On the tool box near the rock in blue lettering and while trim is the name "Mother Tucker". On the bottom of the tool box is a blue stripe with white stars. The Colorado State flag is painted on the engine hood, There is a chrome placard on the right side of the engine hood with the words 'Tucker SNO-CAT".

34.      By about 10:36 p.m. the Mesa County Sheriff's Department SWAT officers were staged to effect entry into 1867 S Deer Park Circle to search for the Sno-Cat. While they had available a thermal imaging unit from the fire district which would have confirmed the only living heat source in 1867 S Deer Park Circle was a dog, the SWAT team prepared to "hit" the residence by firing chemical weapons into the structure.

35.      At 10:43 p.m. the Grand Junction Police Department SWAT officers were paged to join the SWAT operation at 1867 S Deer Park Circle to execute the search warrant for the Tucker Sno Cat. At approximately 11:46 p.m. the records provided by the Mesa County Sheriff's Office shows the SWAT officers "moving in" to assault the residence at 1867 S Deer Park Circle.

10

36.     Despite the fact that the search warrant did not comply with the requirements of Colorado law for a "no knock" warrant under § 16-3-303(4), COLORADO REVISED STATUTES, the SWAT team did not "knock and announce."

37.     At no time was there any indication of any threat of physical force from anyone in the residence at 1867 S Deer Park Circle against anyone such as to justify the use of physical force, including chemical weapons, under § 18-1-707, COLORADO REVISED STATUTES 2017. Despite this fact, numerous chemical shells were fired into the residence at 1867 S Deer Park Circle by the Defendants and no use of force reports pursuant to § 18-8-802, COLORADO REVISED STATUTES 2017, have been produced by either the Mesa County Sheriff's Office or the Grand Junction Police Department with respect to the SWAT operation at the residence at 1867 S Deer Park Circle the evening of March 11, 2018, continuing on into the morning of March 12, 2018.

38.     Contrary to Mesa County Sheriff's Department policy, no after-action report was produced, and no documentation shows that information was provided the SWAT officers with respect to the scope of the search warrant or the permissible use of force.

39.     Defendant DEVAN M. SALAZAR, having obtained the search warrant, was aware of the constraints placed upon the search under the warrant and was responsible for its execution. There is no indication that he took any steps to limit the application of force and the scope of the search to actions reasonable under the Fourth Amendment.

40.     The incident commander, presumably aware of the constraints of the search warrant and responsible for the directions given and information provided, was Defendant TODD SORENSON. There is no indication that he took any steps to limit the application of force and the scope of the search to actions reasonable under the Fourth Amendment.

41.     The SWAT Operations Supervisor, presumably aware of the constraints of the search warrant and responsible for the directions given and information provided, was Defendant TRAVIS CHRISTENSEN. There is no indication that he took any steps to limit the application of

force and the scope of the search to actions reasonable under the Fourth Amendment.

42.     On March 11, 2018, Defendant DEVAN M. SALAZAR participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

43.     On March 11, 2018, Defendant TODD SORENSON participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

44.     On March 11, 2018, Defendant TRAVIS CHRISTENSEN participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

On March 11, 2018, Defendant MARCO MONTEZ participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

45.     On March 11, 2018, Defendant TIM ORR participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

46.     On March 11, 2018, Defendant JENNA REED participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

47.     On March 11, 2018, Defendant ERIC OLSON participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched  where the Tucker Sno-Cat, which was the sole subject of the search warrant could not reasonably be expected to be found.

48.     On March 11, 2018, Defendant CURTIS CALLOW participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

49.     On March 11, 2018, Defendant DONALD LOVE participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

50.     On March 11, 2018, Defendant SETH PARKER participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

51.     On March 11, 2018, Defendant THOMAS STUCKENSCHNEIDER participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

52.     On March 11, 2018, Defendant JOSH SANCHEZ participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the

search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

53.     On March 11, 2018, Defendant RYAN REASONER participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

54.     On March 11, 2018, Defendant GARTH COWLEY participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

55.     On March 11, 2018, Defendant SALMINEO ESPINDOLA participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

56.     On March 11, 2018, Defendant DEVRIN SANDELL participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

57.     On March 11, 2018, Defendant MIKE MILLER participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was

directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

58.     On March 11, 2018, Defendant JAMIE PENNAY participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

59.     On March 11, 2018, Defendant DAVID ARCADY participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

60.     On March 11, 2018, Defendant CHRIS KOPP participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

61.     On March 11, 2018, Defendant THOMAS RAYSIDE participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

62.     On March 11, 2018, Defendant MICHAEL STRUWE participated in the SWAT

execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

63.     On March 11, 2018, Defendant DAVID GODWIN participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

64.     On March 11, 2018, Defendant PATRIC BRIDGE participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

65.     On March 11, 2018, Defendant JACOB EDMISTON participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence.  In executing the search warrant, areas were entered and  searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

66.     On March 11, 2018, Defendant CHRISTOPHER WILSON participated in the SWAT execution of the Search Warrant for 1867 S Deer Park Circle in which unreasonable force was directed into the residence, including firing chemical weapons into the residence. In executing the search warrant, areas were entered and searched where the Tucker Sno-Cat, which was the sole subject of the search warrant, could not reasonably be expected to be found.

67.     Reports provided by the Mesa County Sheriff's Office and the Grand Junction Police Department do not detail which of the Defendants actually entered beyond the garage at the residence at 1867 S Deer Park Circle, nor do they detail which Defendants launched chemical weapons into the structure or otherwise physically damaged the property; it is, however, apparent that at least some of the Defendants did those things while the presence of others facilitated that conduct.

68.     Defendants used excessive and unreasonable force in executing the search warrant and unlawfully entered areas not authorized by the warrant or any exigent circumstances, resulting in actual damage to the structure and furnishings from both impacts and the hazardous chemicals. Defendants failed to appropriately secure the structure after their "raid" left windows and doors unsecure, resulting in the additional loss of property from looting facilitated by their unreasonable search of the premises.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C.§ 1983**
**UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH**
**AMENDMENT**

69.     Plaintiff incorporates the preceding averments of this Complaint into this Cause of action as if set forth fully herein.

70.     Defendants' unreasonable search of the residence at 1867 S Deer Park Circle, damaged the real property of Plaintiff PATRICIA CUERVO, entitling her to an award of damages pursuant to 42 U.S.C. § 1983 against said Defendants, jointly and severally, to compensate her for her loss and such punitive damages as the trier of fact may determine to deter such conduct in the future.

**SECOND CLAIM FOR RELIEF: 42 U.S.C.§ 1983 DEPRIVATION OF PROPERTY**

71.     Plaintiff incorporates the preceding averments of this Complaint into this Cause of

action as if set forth fully herein.

72.    During the unreasonable search and fourth amendment deprivation of rights, Plaintiff's property was destroyed without due process of law in violation of the Fifth Amendment of the United States Constitution.

73.    Pursuant to 42 U.S.C. § 1988, upon prevailing against any such Defendants, Plaintiff will be entitled to judgment for her reasonable costs and attorney fees.

Wherefore, Plaintiff prays for an award of damages against the Defendants, jointly and severally for the damages caused, and individually for punitive damage, with costs and attorney fees as provided by law.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

s/Sean M. McDermott
Sean M. McDermott
McDermott Stuart & Ward LLP
140 E. 19th Avenue, Suite 300
Denver, CO 80203
(303) 832-8888
(303) 863-8888 (fax)
Email: smcdermott@mswdenver.com
***Attorney for Patricia Cuervo***